IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02329-BNB

DONALD ADAM PENROD,

    Plaintiff,

v.

JOHN HICKENLOOPER,
JOHN SUTHERS,
MICHAEL BENDER,
JOHN ROBERT LOWENBACH,
DON SPENCE QUICK,
ELLOISE COHEN,
PAUL KOEHLER, and
COUNTY OF ADAMS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Donald Adam Penrod, is a prisoner in the custody of the Colorado Department of Corrections at the Centennial Correctional Facility in Cañon City, Colorado.  He submitted *pro se* a Prisoner Complaint (ECF No. 1) and two pages from a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 2), together with a certified account statement for the six-month period immediately preceding this filing.  The Court reviewed the documents and determined they were deficient.  Therefore, on August 26, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Penrod to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The August 25 order pointed out that Mr. Penrod failed to submit either the $400.00 filing fee or all pages of a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form.  The August 25 order directed Mr. Penrod to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  The August 25 order warned Mr. Penrod that if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On August 26 and September 2, 2014, Mr. Penrod submitted letters and additional pages to the Prisoner Complaint he originally filed.  ECF Nos. 5 and 6.  On September 30, 2014, he filed a letter (ECF No. 7), an amended Prisoner Complaint (ECF No. 8), and an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 9) that is missing page two, i.e., the signature page.  He has failed within the time allowed to cure all the designated deficiencies as directed.  Therefore, the amended Prisoner Complaint and the action will be dismissed without prejudice for Mr. Penrod's failure to cure the designated deficiencies as directed within the time allowed.

The Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Penrod files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Finally, the Court notes that Mr. Penrod, on three or more prior occasions, has brought an action that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. *See Penrod v. Quick*, Civil Action No. 11-cv-03273-LTB (D. Colo. Mar. 22, 2012) (dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994)), *appeal dismissed as frivolous*, No. 12-1163 (10th Cir. Jan. 11, 2013); *see also Penrod v. Suthers*, Civil Action No. 12-cv-00592-LTB (D. Colo. Mar. 22, 2012) (dismissed as barred by the rule in *Heck*). A *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011). Therefore, each of the dismissals in the above-referenced cases qualifies as a strike under 28 U.S.C. § 1915(g). Section 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Mr. Penrod does not allege that he is under imminent danger of serious physical injury. *Hafed*, 635 F.3d at 1179.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 8) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Donald Adam Penrod, to cure all the deficiencies designated in the order to cure of August 26, 2014, within the time allowed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  2nd  day of    October   , 2014.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK
Senior Judge, United States District Court